[No. 18932.   Department One.   October 4, 1924.]

THE STATE OF WASHINGTON, *on the Relation of Robert M. LaFollette et al.*, *Plaintiff*, v. J. GRANT HINKLE, *as Secretary of State, Respondent.*[1]

Application filed in the supreme court September 26, 1924, for a writ of mandamus to prohibit the secretary of state from certifying the names of persons nominated by a political party.   Granted in part.

*Bradford & Snyder* and *W. D. Lane*, for relators.

*The Attorney General, R. G. Sharpe, Assistant*, and *Charles T. Peterson*, for respondent.

BRIDGES, J.—This is a companion case of *State ex rel. LaFollette v. Hinkle, ante* p. 86, 229 Pac. 317.   The petitions in the two cases allege substantially the same facts and ask for the same relief, and the answers are about the same.   One difference between that case and this is that the LaFollette State Party of that case nominated only a state ticket and did not have any presidential electoral candidates, while here the "LaFollette Independent Progressive Party" nominated only presidential electors.

While the "LaFollette Independent Progressive Party" was not joined as a respondent, its attorneys appeared generally and made an oral argument in its behalf and filed a brief.   Whether it was necessary, in the first place, for it to be made a party, we need not discuss, because of its voluntary appearance.

What we said in the opinion in *State ex rel. LaFollette v. Hinkle, supra*, with reference to whether we would refuse to exercise our

[1]Reported in 229 Pac. 320.

original jurisdiction to hear this matter is fully applicable to this case, and we refer to that opinion for a decision on this question.

What we said in that opinion with reference to two sets of candidates being in the field, thus having a tendency to confuse the situation and deprive Mr. LaFollette, as a candidate for president of the United States, of votes which would otherwise be cast in his behalf, and concerning motives, is also applicable to like facts alleged in the petition here.

In that case the name of the new party was "The LaFollette State Party," and here the admitted name of the new party is the "LaFollette Independent Progressive Party." What we said in the former opinion with reference to the use of Mr. LaFollette's name is entirely applicable here.

The opinion in the first case must dispose of this one.

It is ordered that the name "LaFollette" be stricken from the name of the political party in question and from the certificate it has filed with the secretary of state and that the name "Independent Progressive Party" remains, and that the respondent be prohibited from certifying to the election boards or other officers the names of candidates for office under the party designation of the "LaFollette Independent Progressive Party," but is not prohibited from making his certificate of such candidates under the name "Independent Progressive Party."

Main, C. J., Parker, Tolman, and Fullerton, JJ., concur.